Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
**SML AVVOCATI P.C.**
969 Hilgard Avenue #1012
Los Angeles, CA 90024
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Caravan Canopy Int'l, Inc.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**Impact Images, Inc.**, a California corporation,<br><br>Defendant. | Case No. 8:23-cv-00345<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Caravan Canopy Int'l, Inc. hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction including under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because it is headquartered and/or has its primary place of business in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a California corporation having its principal place of business in Cerritos, California.

5. Upon information and belief, Defendant Impact Images, Inc. ("Impact") is a California corporation having a principal place of business at 18767 Pimlico Terrace, Yorba Linda, California 92886.

## CLAIM I—PATENT INFRINGEMENT

6. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

7. Plaintiff is the owner by assignment of U.S. Patent No. RE40,657 ("the '657 patent"), which is entitled "Pull Pin Assembly for Canopy," which duly and lawfully issued to Plaintiff on March 10, 2009. A true and correct copy of the '657 patent is attached hereto as Exhibit A.

8. The '657 patent protects the exclusive rights of Plaintiff and its licensees to sell the products claimed without infringement by competitors or their products. The claimed inventions were not routine or conventional at the time they were conceived.

9. Claim 18 of the '657 patent, for example, is directed to "A pull pin assembly," and the claim recites elements including, inter alia, (a) "a first rod or pole, having a first hole;" (b) "a second rod or pole, having a second hole, the second rod or pole being slidably contained within the first rod or pole, so that the first hole is superimposable on the second hole;" (c) "a main body having a central hollow dimensioned to contain the first rod or pole;" (d) "a pull pin body adjacent to the main body and extending outward from the central hollow, said pin body having a space therein extending into the central hollow;" (e) "a pull pin disposed in the space of the pull pin body to move from a first position extending into the second

hole to a second position not extending into the second hole;" (f) "and a biasing member biasing the pull pin toward the first position to relatively lock the first rod or pole and the second rod or pole when the first hole is superimposed on the second hole," (g) "wherein the main body is fixed against movement along the first rod or pole when the pull pin is in the second position," (h) "wherein the first rod or pole further comprises a third notch or hole and wherein the main body is fixed against movement along the first rod or pole in the second position by a boss extending between the main body and the first rod or pole," (i) "and wherein the boss is formed on a resilient tab on the main body, the boss extending into the central hollow to engage the third notch or hole of the first rod or pole."

10. Claim 19 of the '657 patent, for example, is directed to "A pull pin assembly according to claim 18 wherein resilient tab is cut out from the main body."

11. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States products covered by the claims of the '657 patent.  For example, the following products infringe at least Claims 18 and 19 of the '657 patent: 10x10 Industrial Steel Pop Up Canopy Tent with Roller Bag – DS, 10x10 Heavy Duty Steel Pop up Canopy Tent with Roller Bag – CL, 10x10 Super Duty Aluminum Pop up Canopy Tent with Roller Bag - M Series, 10x10 Industrial Aluminum Pop up Canopy Tent with Roller Bag - ML Series, iMega Series, Alumix Pop Up Canopy Tent, Impact Canopy AOL 10 x 10 Easy Pop Up Canopy Commercial Grade Tent - 4 Matching Sidewalls, and Evento Pop Up Canopy Tent.  This list is by way of example and may not be an exhaustive list.

12. On information and belief, Defendant has caused, encouraged and aided others, including customers, to directly infringe the '657 patent having full knowledge of the '657 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '657 patent.

COMPLAINT
Case No. _____

13. By the acts of making, using, offering to sell, selling and/or importing the accused infringing products, Defendant has directly infringed the '657 patent under 35 U.S.C. § 271(a).

14. By the acts of actively inducing others to infringe the '657 patent, Defendant has infringed the '657 patent under 35 U.S.C. § 271(b). On information and belief, having knowledge of the '657 patent, Defendant specifically intended for its customers to infringe the '657 patent by using and/or re-selling the accused infringing products.

15. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '657 patent.

16. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief:

A. A determination that Defendant has infringed the '657 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

B. An accounting for damages adequate to compensate for the patent infringement, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

C. A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney's fees and expenses to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated:  February 27, 2023      **SML AVVOCATI P.C.**

By:   /s/ Stephen M. Lobbin
           Attorneys for Plaintiff